UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:24-CV-00086-BJB-HBB

**CHARLES CAYCE**                                                              **PLAINTIFF**

**VS.**

**VGW, LTD., et al.**                                                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Before the Court is a motion by Plaintiff Charles Cayce for jurisdictional discovery (DN 34). Defendants ("VGW Group") have collectively filed a response at DN 37 and Plaintiff has replied at DN 38.

Nature of the Case

Plaintiff sued four Defendants in this action: VGW, Ltd., VGW Holdings US, Inc., VGW US, Inc., and VGW Luckyland Inc. (DN 1); then amended his complaint to add VGW Holdings, Ltd. (DN 12). All Defendants are represented by the same counsel and have responded collectively in this action (*See* DN 29). VGW Group develops and publishes "play-for-fun online casino-themed social games" (DN 29, p. 2). Plaintiff filed the complaint against VGW Group in federal court concerning a Kentucky gambling statute related to the social casino-themed games (DN 1; DN 12). Plaintiff is a resident of Kentucky and VGW Group is incorporated in Delaware and operates out of Colorado, except for one Defendant, VGW Holdings, Ltd., which is a foreign corporation headquartered in Australia (DN 12, p. 6).

VGW Group filed its motion to dismiss for lack of personal jurisdiction on January 31, 2025 (DN 29) to which Plaintiff now moves for additional discovery concerning VGW Group's contacts with Kentucky (DN 34). Plaintiff seeks discovery of direct communications between VGW Group and individual customers in Kentucky via telephone, email, text message, and direct messaging through targeted ads inside their apps (DN 34, p. 1).

## Applicable Law

As the Supreme Court explained, "it is familiar law that a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). "District courts have the power to order the discovery of facts necessary to determine their jurisdiction over the merits." *Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd*, 722 F. App'x 870, 878 (11th Cir. 2018) (citation omitted). Jurisdictional discovery is not unlimited. "While courts should grant discovery when necessary for a plaintiff to establish his claim, a plaintiff may not engage in a fishing expedition untethered from the legal claims at issue." *Integrity Express Logistics, LLC v. Borstelmann*, No. 1:23-CV-166, 2023 U.S. Dist. LEXIS 188094, at *6 (S.D. Ohio Oct. 19, 2023) (citation omitted). Thus, discovery must relate to the jurisdictional inquiry and be proportional to the needs of the case. *Id.;* FED. R. CIV. P. 26.

## Discussion

VGW Group focuses on the Court's discretionary power to grant discovery but because Plaintiff has now moved for additional discovery, this argument is moot (DN 35, pp. 9-10).[1] VGW Group contends that Plaintiff relies on "pure speculation" as the "rationale" to seek "VGW Group's hypothesized communications with high value customers in Kentucky" (DN 35, pp. 9-10). Such speculation based on "general and conclusory statements" is not sufficient in the Defendants' mind

---

[1] VGW Group incorporates its argument against discovery in the reply to its motion to dismiss for lack of personal jurisdiction (DN 37).

as reasonable grounds for jurisdictional discovery, especially considering that Plaintiff himself "does not claim to play VGW Group's games or know anybody who does" (*Id.* at p. 10).[2] Plaintiff alleges that VGW Group "has significant additional contacts with Kentucky that are currently unknown but easily discoverable" direct communications to Kentucky customers (DN 34, p. 1).

"[C]ourts are to provide assistance by allowing jurisdictional discovery unless their claims are 'clearly frivolous.'" *Mayfield Consumer Prods., LLC v. Int'l Grp.*, No. 5:23-CV-00101-BJB-LLK, 2025 U.S. Dist. LEXIS 38890, at *6 (W.D. Ky. Mar. 4, 2025) (citation omitted). VGW Group admits that individuals in Kentucky play their games and made purchases through the games (DN 35, p. 11). Plaintiff's claims are not clearly frivolous, as VGW Group's contacts (or lack thereof) with Kentucky customers is relevant to determine personal jurisdiction. *See Hume v. Universal Music Grp., Inc.*, No. 3:24-CV-00746, 2024 U.S. Dist. LEXIS 220346 (M.D. Tenn. Dec. 5, 2024) (court granted discovery to determine which subsidiary had distributed the copyrighted material even though plaintiff could only identify that the named defendant was not the infringer); *but cf. Integrity Express Logistics, LLC*, 2023 U.S. Dist. LEXIS 188094, at *8-9 (court limited discovery to factual allegations rather than industry custom to avoid a fishing expedition). Therefore, Plaintiff may engage in discovery to resolve the jurisdictional question.

---

[2] Plaintiff is bringing a *qui tam* action based on his reading of the Kentucky statute that he believes broadly allows third parties to recover for gambling losses (DN 12, pp. 13-14).

**WHEREFORE**, the motion of Plaintiff Charles Cayce for limited jurisdictional discovery, DN 34, is **GRANTED**.

H. Brent Brennenstuhl
United States Magistrate Judge

April 30, 2025

Copies: Counsel